IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Childs, ) | C/A No.: 3:21-2782-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND NOTICE |
| ) | |
| Sequium Asset Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

William Childs ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Sequium Asset Solutions, LLC. ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff alleges Defendant began contacting Plaintiff to collect on an alleged debt on March 18, 2021. [ECF No. 1 at 5]. Plaintiff claims Defendant "was transferred an alleged debt in order to collect" the debt, but he provides no detail regarding the origin of the debt. *Id.* Plaintiff states that he sent Defendant an affidavit and a cease and desist letter, and claims Defendant's failure to respond "or properly rebut any Affidavit line for line" indicates

Defendant and tacitly agreed to the affidavit and cease and desist letter. *Id*. Plaintiff seeks $8,000 "for the admission of fault through Defendant's acquiescence silence." *Id*.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

To state a FDCPA violation, a plaintiff must allege that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Dikun v.*

3

*Streich*, 369 F.Supp.2d 781, 784–85 (E.D. Va. 2005). Plaintiff has not alleged any of these elements with any specificity. Plaintiff has not alleged sufficient factual allegations showing how Defendant violated the FDCPA. Although Plaintiff alleges Defendant misrepresented the truth and facts surrounding the alleged debt, this is a legal conclusion and he provides no factual allegations to support such a conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (holding a plaintiff must do more than make conclusory statements to state a claim); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, Plaintiff's complaint is subject to summary dismissal for failure to meet the minimal requirements for the filing of a complaint.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by September 22, 2021, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended

complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

September 1, 2021                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge